# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 30, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| SHARON KABELITZ, | * | |
| | * | No. 17-0466 |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | UNPUBLISHED |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Leah V. Durant*, Law Offices of Leah V. Durant, PLLC, Washington, D.C., for Petitioner;
*Felicia Langel*, United States Dep't of Justice, Washington, DC, for Respondent.

### **DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On March 31, 2017, Sharon Kabelitz ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered from a shoulder injury related to vaccine administration as a result of an influenza vaccine administered on November 5, 2015. Pet. at 1, ECF No. 1. On May 19, 2022, petitioner filed an unopposed motion for dismissal decision and on May 31, 2022, the undersigned issued her decision dismissing the petition for insufficient proof. (ECF No. 74).

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On February 6, 2023, Petitioner filed a motion for attorneys' fees and costs. ("Fees App.") (ECF No. 79). Petitioner requests attorneys' fees and costs in the amount of $73,363.81, representing $70,181.00 in attorneys' fees and $3,182.81 in attorneys' costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner indicates that she personally incurred $5.75 in costs in pursuit of her claim. *Id.* Respondent responded to the motion on February 10, 2023, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2 (ECF No. 80). On February 10, 2023, Petitioner filed her reply requesting that attorney's fees and costs be awarded in full. (ECF No. 81).

This matter is now ripe for consideration.

I.     **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although the petition was eventually dismissed, the undersigned is satisfied that petitioner filed the claim in a good faith belief that her vaccination caused her shoulder injury and that the claim had a reasonable basis to proceed as it did. Respondent has also indicated he is satisfied that good faith and reasonable basis are satisfied in this case. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a. Hourly Rate

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Leah Durant, $350.00 per hour for time billed in 2016, $365.00 per hour for work billed in 2017, $377.00 per hour for work performed in 2018, $380.00 per hour for work performed in 2019, $395.00 per hour for work performed in 2020, $420.00 per hour for work performed in 2021, and $441.00 per hour for work performed in 2022. The undersigned finds these rates to be reasonable and shall award them herein

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, the undersigned does not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of 70,181.00.

### c. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $3,182.81 in attorneys' costs, comprised of medical records, postage, the Court's filing fee, and records review performed by Timothy Hancock, B.S. and Catherine Shaer, M.D. Additionally Petitioner seeks costs personally incurred in the amount of $5.75 for postage. Petitioner has provided adequate documentation of all these expenses, and they appear reasonable in the undersigned's experience. Accordingly, Petitioner is awarded the full amount of costs sought.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioners' request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $70,181.00 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$70,181.00** |
| | |
| Attorneys' Costs Requested | $3,182.81 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$3,182.81** |
| | |


| | |
|---|---|
| Petitioner's Costs | $5.75 |
| (Reduction of Costs) | - |
| **Total Petitioner's Costs Awarded** | **$5.75** |
| | |
| **Total Attorneys' Fees and Costs** | **$73,369.56** |

**Accordingly, petitioner is awarded the total amount of 73,369.56[3] as follows:**

- **A lump sum of $73,363.81 representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Leah V. Durant and;**

- **A lump sum of $5.75, representing reimbursement for petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.